Eugenio J. COSTO,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 89–3646.

United States Court of Appeals,
Sixth Circuit.

Nov. 8, 1990.

Eugenio J. Costo, El Reno, Okl., pro se.

Kathleen Brinkman, Asst. U.S. Atty., Office of the U.S. Atty., Cincinnati, Ohio, for respondent-appellee.

Before KENNEDY and JONES, Circuit Judges, and DeMASCIO, Senior District Judge.*

ORDER

Pursuant to Fed.R.App.P. 40, the government seeks a rehearing by the decision panel in the above-captioned matter. 904 F.2d 344. The petition is denied for the following reasons.

For the first time in its petition for reconsideration, the government argues that the *pro se* defendant misrepresented the facts in its appellate brief in order to fit the facts of *United States v. Palafox*, 764 F.2d 558 (9th Cir.1985). In its eight-page appellate brief, the government noted that "the facts in the case at hand are distinguishable from the facts of *Palafox*." Brief of Respondent–Appellee at 5 n. 1. However, it did not discuss what these distinctions were. Instead, the government preserved its presentation of these alleged distinctions for its petition for rehearing.

Generally, an argument not raised in an appellate brief or at oral argument may not

* Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

be raised for the first time in a petition for rehearing. *United States v. Lewis*, 798 F.2d 1250 (9th Cir.1986). The government does not explain why it failed to advance its current arguments in its appellate brief. Nevertheless, we find the government's argument without merit.

A careful examination of the record reveals that the one kilogram of cocaine was delivered to the undercover agent, Ms. Hazenfield, while the three kilograms of cocaine were left at another location to be delivered if the original distribution went safely. The record reflects that all four kilograms were possessed with intent to deliver to Ms. Hazenfield, albeit in three separate steps. For example, both the indictment and the district court opinion denying Costo relief under 28 U.S.C. § 2255 amply support the facts relied on by this court in reversing Costo's sentence. *See* J.App. at 39–42 & 63. Also, the defendant's version of the facts is also supported by the trial testimony. *See, e.g.*, Appellant's Response to Government's Petition for Reconsideration (citing testimony of Richard Brittingham Transcript pp. 10–11). Moreover, the government admitted in district court that the defendant's version of the facts is accurate. In its "Response to Petitioner's Motion Pursuant to 28 U.S.C. 2255," the government stated: "In Petitioner's case, the one kilogram of cocaine was delivered to the undercover agent *while the three kilograms of cocaine were left at another location to be delivered if the original distribution went safely.*" J.App. at 35 (emphasis added). As the record clearly supports our original decision in this case, we refuse to re-hear this case on the ground that petitioner misrepresented the facts.

The government's second basis for reconsideration is the Supreme Court's recent decision in *Grady v. Corbin*, — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *Grady*, however, is inapposite because it involved successive prosecutions for the same offense, an issue with which we are not here concerned.

For the foregoing reasons, the government's petition for reconsideration is hereby DENIED.