Eduardo M. **BENAVIDES**, Appellant,

v.

**DRUG ENFORCEMENT ADMINISTRATION,**
Appellee.

No. 90–5344.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 20, 1992.

Elizabeth M. Brown, with whom Frederick C. Schafrick (appointed by the Court) was on the brief, for appellant. Eduardo M. Benavides, pro se, also entered an appearance for appellant.

John C. Martin, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates, and R. Craig Lawrence, Asst. U.S. Attys., were on the brief, for appellee.

ON APPELLEE'S PETITION
FOR REHEARING

Before: MIKVA, Chief Judge; and D.H. GINSBURG and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

We determined this Freedom of Information Act ("FOIA") case in our prior opinion, *Benavides v. Drug Enforcement Administration*, 968 F.2d 1243 (1992), reversing summary judgment for the Drug Enforcement Administration (DEA) and remanding to the district court with instructions to determine anew the applicability of 5 U.S.C. § 552(c)(2) ("§ (c)(2)"). The DEA now petitions for rehearing, asking not that we change the result, but that we modify the supporting opinion, as, in the Administration's view, it creates an incorrect precedent as to the meaning of § 552(c)(2), a statute without previous authoritative judicial construction. Because the government's petition advances, albeit belatedly, arguments which do place our construction in doubt, and because the tardy arguments do not change the result in this case, we allow the motion to the limited extent reflected in this opinion.

DISCUSSION

The factual background of this case is set forth in our prior opinion. We will, therefore, make only such minimal factual reference as is necessary to lend an understanding of this revision. In the original opinion, we reviewed a summary judgment based on a district court's holding that FOIA exemptions 7(C) and 7(D) (5 U.S.C. §§ 552(b)(7)(C) & (D)) protected records concerning the alleged confidential informant status of two witnesses against Benavides in his previous narcotics related criminal trial. The Administration had issued a response to Benavides' original FOIA request, stating that it had "located no records which are responsive" to the request. In the ensuing litigation, a DEA attorney advisor "said that DEA's initial response to the FOIA request was wrong, and that the agency should have advised Mr. Benavides that it could neither confirm nor deny the existence of any responsive records." 968 F.2d at 1245. As we noted in our original opinion, this "neither confirm nor deny" response is popularly referred to as a "Glomar response" after *Phillippi v. Central Intelligence Agency*, 546 F.2d 1009 (D.C.Cir.1976), which concerned a FOIA request for records of the "Glomar Explorer."

Benavides argued before us that the district court erred by failing to address 5 U.S.C. § 552(c)(2), which renders records concerning informants "not subject to the requirements of this section unless the informant's status as an informant has been officially confirmed." The Administration continued to argue that a Glomar response was appropriate. We construed the phrase "not subject to the requirements of this section" to permit a Glomarization where the informant's status has not been officially confirmed, but to permit analysis under other exemptions like that afforded any other document sought under FOIA, where the status has been so confirmed.

On August 14, after the June 30 issuance of our previous opinion, the Justice Department filed on behalf of the Administration the present petition for rehearing. In that petition, the government advances for the first time before this Court the position that, where there is no issue of official confirmation of informant status, the proper response to requests for "all records pertaining to a particular individual" covered by § (c)(2) is that no records subject to the requirements of the FOIA have been found. The government argues that any other response, even a Glomar response, is insufficient to prevent sophisticated requesters from surmising the informant's status by the nature of the response.

In support of this position, the government offers, also for first time, legislative history at odds with the history considered by us in our prior opinion. That prior opinion noted that legislative history exists which supports the use of a Glomar response for § (c)(2) material.

As the government concedes, our remand for the district court's determination whether the informant status of either of the two witnesses has been officially confirmed is in order on either interpretation of that section. Therefore, we make clear by this supplemental opinion that we have not authoritatively construed § (c)(2) insofar as determining whether it requires a Glomar response or a "none-found" response when it does apply.

We hasten to add that we do not countenance the belated assertion of its final position by the United States. Were it not for our concern that the precedents of this Circuit become confused, we would be inclined to ignore a position asserted for the first time in a petition for rehearing. In fact, "[t]his Court ... generally refuses to entertain arguments raised for the first time in an appellant's reply brief." *Herbert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C.Cir.1992). However, in this case, the result is unchanged and there is therefore no danger of prejudice to the appellant by our considering this late asserted position, especially as we do not adopt it but rather simply make it plain that we need not decide between that interpretation of the statute and the one accepted in our earlier opinion. Therefore, as set forth in the order filed contemporaneously herewith, we leave our prior result as is, but modify our supporting reasoning as stated above.