**TE`O J. FUAVAI, Petitioner**

v.

**DISTRICT COURT OF AMERICAN SAMOA, Respondent**

High Court of American Samoa
Appellate Division

AP No. 15-98

November 12, 1998

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Petitioner, Arthur Ripley, Jr.
For Respondent, Elvis R.P. Patea, Deputy Attorney General

ORDER DENYING PETITION FOR REHEARING

On October 29, 1998, Petitioner Te`o J. Fuavai ("Te`o") filed a petition for rehearing. Te`o sought a rehearing to contest this court's order granting a motion to dismiss or quash the alternative writ of certiorari previously issued by this court. Te`o utilized the extraordinary writ of certiorari process to contest the judgment of contempt against him entered by the District Court on May 1, 1998. Due to the dilatory manner in which Te`o filed the petition for writ of certiorari, this court dismissed or quashed the alternative writ of certiorari on October 15, 1998. Te`o now petitions this court to rehear his case.

## Standard of Review

■ Under A.C.R. 40, a petition for rehearing must contain "with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended." The function of a rehearing is to correct errors of law or fact, leading to material errors. *Fanene v. Fanene*, 20 A.S.R.2d 115, 116 (App. Div. 1996) (citations omitted). A rehearing will not be granted merely for the purpose of reargument of issues which have already been fully briefed, argued, and decided. *Fanene*, at 118 (citation omitted); *Tuaolo v. Fruean*, 1 A.S.R.3d 40, 41 (App. Div. 1997). Nor will a rehearing be granted for issues raised for the first time in a petition for rehearing. *Kale v. Combined Ins. Co.*, 924 F.2d 1161, 1169 (1st Cir. 1991); *Costo v. U.S.*, 922 F.2d 302, 302-303 (6th Cir. 1990). The granting of a rehearing is at the discretion of the appellate court. *Tuaolo* at 41.

## Discussion

Te`o moves for a rehearing on two grounds: 1) the Chief Justice should have recused himself from the hearing due to bias and prejudice and 2) Te`o's due process rights were violated by imposing a 30-day time limit.

■ Both arguments are new arguments, raised for the first time in Te`o's petition for rehearing. On this ground alone, the court may deny Te`o's petition. *See Holley v. Seminole Cty. School Dist.*, 763 F.2d 399 (11th Cir. 1985) (questions that had not been briefed or argued on the appeal would not be entertained when presented for the first time in a petition for rehearing); *Costo*, 922 F.2d at 302-303 (arguments that defendant misrepresented facts could not be raised for the first time in a petition for rehearing). Nor does Te`o contend that the court based its opinion on errors of law or fact, leading to material errors. Nevertheless, the court finds Te`o's arguments desperate at best.

■ During December 1997, the Chief Justice presided in another contempt proceeding involving Te`o before the High Court, in an entirely separate matter, involving an entirely different set of factual circumstances. This very act, contends Te`o, creates an appearance that the Chief Justice harbors personal animosity against Te`o. The mere fact that a Justice presides over a similar matter involving the same party, however, does not in itself create some sort of bias or prejudice towards a litigant.

Te`o next contends that the appellate court erred in imposing a 30-day time limit. By imposing a 30-day time limit, Te`o claims that his due process rights were violated by the imposition of a retroactively applied 30-day time limit. In support of this argument, Te`o applies the statute of limitations doctrine by analogy. Te`o also asserts that Te`o has a right to

petition for a writ of certiorari.

Te`o is only correct in the contention that Te`o has a right to petition for a writ of certiorari. This court, however, acknowledged that the right to petition for a writ of certiorari must be exercised within a reasonable time. *Te`o v. Dist. Court of Am. Samoa*, 2 A.S.R.3d 41, 42 (App. Div. Oct. 15, 1998). The court applied by analogy the period for filing an appeal under the Administrative Procedures Act because the scope of review is similar. Both review under a writ of certiorari and review of an administrative hearing are limited to whether a judicial body acted within the scope of its authority. *Id.* As such, a 30-day time limit was applied.

■ Te`o, notably, does not contend that the court committed an error of law or fact by applying the 30-day time limit. Rather, Te`o again puts forth a new issue that was not presented in its initial brief. "Issues that were not presented in the initial briefs and argument will seldom be considered when presented for the first time by a petition for rehearing." 16 C. Wright & A. Miller, FEDERAL PRACTICE PROCEDURE § 3986 (1st ed. 1977 & Supp. 1996). Te`o had every opportunity to espouse his due process argument at the initial hearing. His lack of diligence in raising this argument is not grounds for a rehearing.

### Order

Te`o's failure to raise arguments at the appropriate time warrants denial of his motion for rehearing. Therefore, Te`o's petition for rehearing is denied.

It is so ordered.