FOX TELEVISION STATIONS, INC., Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.

National Association of Broadcasters, et al., Intervenors.

Nos. 00–1222, 00–1263, 00–1326, 00–1359, 00–1381, and 01–1136.

United States Court of Appeals, District of Columbia Circuit.

Filed June 21, 2002.

On Respondents' and Intervenors' Petitions for Rehearing.

Before GINSBURG, Chief Judge, and EDWARDS and SENTELLE, Circuit Judges.

Opinion for the court filed by Chief Judge GINSBURG.

GINSBURG, Chief Judge:

The Federal Communications Commission and two intervenors, the National Association of Broadcasters and the Network Affiliated Stations Alliance, separately petition for rehearing of the court's decision in this case. *See Fox Television Stations, Inc. v. FCC*, 280 F.3d 1027 (D.C.Cir.2002). For the reasons that follow, we grant in part the Commission's petition, modify the opinion accordingly, and deny the intervenors' petition.

## I. The Meaning of "Necessary" in Section 202(h)

The Commission argues that "the decision should be modified to reject the argument advanced by Time Warner that Section 202(h) [of the Telecommunications Act of 1996, Pub. L. No. 104–104, 110 Stat. 56]* requires the Commission to apply a

---

\* Section 202(h) provides:

> The Commission shall review its rules adopted pursuant to this section and all of its ownership rules biennially as part of its regulatory reform review under section 11 of the Communications Act of 1934 and shall determine whether any of such rules are necessary in the public interest as the result of competition. The Commission shall repeal or modify any regulation it determines to be no longer in the public interest.

higher standard than 'continues to serve the public interest' in considering whether to retain rules covered by that provision." In the alternative, the Commission urges the court to delete a single paragraph of the opinion and thereby to leave "to another day when it is likely that the Commission will have addressed the question and all parties will have briefed the issue" whether "necessary" in § 202(h) means "indispensable" or merely "useful." The paragraph at issue reads as follows:

> Next, Time Warner argues that the Commission applied too lenient a standard when it concluded only that the CBCO Rule "continues to serve the public interest," *1998 Report* ¶ 102, and not that it was "necessary" in the public interest. Again the Commission is silent, but this time we agree with Time Warner; the Commission appears to have applied too low a standard. The statute is clear that a regulation should be retained only insofar as it is necessary in, not merely consonant with, the public interest.

*Fox Television Stations,* 280 F.3d at 1050. The intervenors, like the Commission, ask the court to reject Time Warner's argument that "necessary in the public interest" means more than "in the public interest." They do not, however, join in the Commission's alternative request that the court merely delete the subject paragraph.

In support of its petition, the Commission notes that the court's discussion of the meaning of "necessary in the public interest" was not essential to our decision to remand the NTSO Rule and to vacate the CBCO Rule. Further, the Commission points out that the argument raised by Time Warner was not fully briefed by the parties. Finally, the Commission argues that the court erred insofar as it construed § 202(h) to impose a standard of true necessity rather than mere utility. In this vein the Commission presents three arguments, in which the intervenors join, for

reading "necessary in the public interest" to mean the same thing as "in the public interest."

The Commission first points out that the word "necessary" appears in sections 4(i), 201(b), and 303(r) of the Communications Act — which sections authorize the Commission to promulgate regulations when necessary — and the Supreme Court and this court have interpreted "necessary" in those sections to mean useful rather than indispensable. *See Nat'l Broad. Co. v. United States,* 319 U.S. 190, 225, 63 S.Ct. 997, 1013–14, 87 L.Ed. 1344 (1943); *FCC v. Nat'l Citizens Comm. for Broad.,* 436 U.S. 775, 796, 98 S.Ct. 2096, 2112, 56 L.Ed.2d 697 (1978); *Mobile Communications Corp. v. FCC,* 77 F.3d 1399, 1404, 1406 (D.C.Cir. 1996). Second, the Commission argues that construing "necessary" in § 202(h) to mean more than "useful" is anomalous because it holds the Commission to a "higher standard in deciding whether to retain an existing rule in a biennial review proceeding than in deciding whether to adopt a rule in the first place." Finally, the Commission contends that the text of § 202(h) itself equates "necessary in the public interest" with "in the public interest."

The petitioners, in opposition to rehearing, contend that the court correctly interpreted "necessary in the public interest" to mean more than "in the public interest." They argue that doing so gives "necessary" the same meaning it has in other provisions of the 1996 Act, *see, e.g., GTE Service Corp. v. FCC,* 205 F.3d 416 (D.C.Cir.2000) (interpreting "necessary" in § 251(c)(6) — "collocation of equipment necessary for interconnection" — to mean "indispensable"), whereas the Commission improperly relies upon provisions that were part of the original Communications Act of 1934, the purpose of which was to institute regulation rather than deregulation. The petitioners also argue that in-

terpreting "necessary" to mean merely "useful" would render § 202(h) "a virtual nullity" and that it makes sense to apply a lower standard to the Commission's necessarily predictive decision to promulgate a rule than to its decision to retain the rule in the light of experience. Finally, the petitioners argue that "because the arguments [the Commission] now make[s] were never raised before, the court must decline to reopen the matter." The petitioners make no retort, however, to the Commission's assertion that interpreting "necessary in the public interest" to mean something more than "in the public interest" was not essential to the court's decision.

We agree with the Commission that the subject paragraph is itself not necessary to the opinion and should be modified. The court's decision did not turn at all upon interpreting "necessary in the public interest" to mean more than "in the public interest": It was clear the Commission failed to justify the NTSO and the CBCO Rules under either standard. Moreover, as the Commission points out, the question was not fully briefed by the parties. Among the petitioners, only Time Warner raised the argument, and then in only one sentence; the Commission and intervenors failed to address Time Warner's one sentence; and the petitioners in reply did not make anything of the Commission's and the intervenors' omission. In these circumstances we think it better to leave unresolved precisely what § 202(h) means when it instructs the Commission first to determine whether a rule is "necessary in the public interest" but then to "repeal or modify" the rule if it is simply "no longer in the public interest." Thus, we decline the Commission's and the intervenors' request that we interpret "necessary" in their favor at this time, and we accept the Commission's alternative invitation to modify the opinion in order to leave this question open.

As for the petitioners' observation that this court ordinarily deems an argument raised for the first time in a petition for rehearing to have been waived, *see, e.g., Keating v. FERC,* 927 F.2d 616, 625 (D.C.Cir.1991), our practice is in fact more practical than rigid. Thus, in *Benavides v. DEA,* 976 F.2d 751 (D.C.Cir.1992), where the Government had failed to advance an argument against the statutory interpretation adopted by the court until it filed a petition for rehearing, we granted rehearing and held that we need not decide between the competing statutory interpretations. *Id.* at 753. There, as here, the choice between two interpretations was unnecessary to the outcome of the case at hand but might have had ill–considered implications for future cases. *Id.*

## II. The NTSO Rule and the CBCO Remedy

The intervenors argue that the court erred in failing to defer to the decision of the Congress to set the initial nationwide ownership cap at 35%. The panel already considered and rejected this argument: "Section 202(h) itself requires *the Commission* to determine whether its ownership rules — specifically including 'rules adopted pursuant to this section,' such as the present NTSO Rule — are necessary in the public interest." *Fox Television Stations,* 280 F.3d at 1043 (emphasis added). Nothing in § 202(h) or in § 202(c)(1)(B) — in which the Congress instructed the Commission immediately to "increase[ ] the national audience reach limitation for television stations to 35 percent"—indicates that the Congress wanted the Commission later to review the NTSO Rule under a more deferential standard than any other broadcast ownership rule subject to biennial reconsideration. Had the Congress wished to insulate the NTSO Rule from review under § 202(h), it need only have enshrined the 35% cap in the statute itself.

■ Finally, the intervenors contend that the "the panel's decision to vacate, rather than remand, the CBCO Rule is at odds with this Court's precedent." The intervenors do not question the court's decision to apply the *Allied-Signal* test. Rather, they argue that the court misapplied the test because "there is no basis for the Court to conclude that the Commission cannot possibly address [the petitioners'] objections [to the CBCO Rule] on remand." The intervenors note that under the Commission's view of § 202(h) it did not have to defend the CBCO Rule in the *1998 Report,* but the intervenors fail to advance any interpretation of § 202(h), let alone a reasonable interpretation, under which the Commission could determine that the Rule was "necessary in the public interest" without somehow defending the Rule. The intervenors also argue that the Commission counsel failed fully to defend the CBCO Rule in their brief to the court because they knew the court could not uphold the decision to retain the Rule on the basis of counsel's post hoc rationalization. That the court could not have upheld the *1998 Report* on a ground not contained therein, however, does not mean counsel was precluded from defending the Rule against vacatur. A defense of the Rule, if it was defensible, clearly would have been cognizable with respect to the choice between vacatur and remand. Consequently, as before, *see Fox Television Stations,* 280 F.3d at 1052–53, we infer that the Commission's failure to defend the CBCO Rule indicates its inability to do so. The Commission's failure to join the intervenors in their present challenge to our vacatur of the CBCO Rule only reinforces this belief.

Consequently, we grant in part the Commission's petition for rehearing, deny the intervenors' petition, and amend the

first full paragraph on page 1050 of the opinion to read:

Next, Time Warner argues that the Commission applied too lenient a standard when it concluded only that the CBCO Rule "continues to serve the public interest," *1998 Report* ¶ 102, and not that it was "necessary" in the public interest. Again the Commission is silent, but nonetheless we do not reach the merits of Time Warner's argument. This important question was barely raised by the petitioners and was not addressed at all by the Commission or the intervenors. Even if "necessary in the public interest" means simply "continues to serve the public interest," for the reasons given above and below, the Commission's decision not to repeal or to modify the NTSO and the CBCO Rules cannot stand.

In the margin we also make two minor modifications to conform the opinion to the change above.*

*So ordered.*

---

* Page 1042/2, line 42: Change "that is not 'necessary in the public interest.' " to "that is 'no longer in the public interest.' " Page 1048/1, lines 14–15: Change "is" to "remains" and delete "necessary".