United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed June 21, 2002

 No. 00-1222

 Fox Television Stations, Inc., 
 Petitioner

 v.

 Federal Communications Commission and 
 United States of America, 
 Respondents

 National Association of Broadcasters, et al., 
 Intervenors

 Consolidated with 
 00-1263, 00-1326, 00-1359, 00-1381, 01-1136

 On Respondents' and Intervenors' Petitions for Rehearing

 ---------

 Before Ginsburg, Chief Judge, and Edwards and Sentelle, 
Circuit Judges.

 Opinion for the court filed by Chief Judge Ginsburg.

 Ginsburg, Chief Judge: The Federal Communications Com-
mission and two intervenors, the National Association of 
Broadcasters and the Network Affiliated Stations Alliance, 
separately petition for rehearing of the court's decision in this 
case. See Fox Television Stations, Inc. v. FCC, 280 F.3d 
1027 (D.C. Cir. 2002). For the reasons that follow, we grant 
in part the Commission's petition, modify the opinion accord-
ingly, and deny the intervenors' petition.

 I. The Meaning of "Necessary" in Section 202(h)

 The Commission argues that "the decision should be modi-
fied to reject the argument advanced by Time Warner that 
Section 202(h) [of the Telecommunications Act of 1996, Pub. 
L. No. 104-104, 110 Stat. 56]* requires the Commission to 
apply a higher standard than 'continues to serve the public 
interest' in considering whether to retain rules covered by 
that provision." In the alternative, the Commission urges the 
court to delete a single paragraph of the opinion and thereby 
to leave "to another day when it is likely that the Commission 
will have addressed the question and all parties will have 
briefed the issue" whether "necessary" in s 202(h) means 
"indispensable" or merely "useful." The paragraph at issue 
reads as follows:

 Next, Time Warner argues that the Commission ap-
 plied too lenient a standard when it concluded only that 
 the CBCO Rule "continues to serve the public interest," 
 1998 Report p 102, and not that it was "necessary" in the 
 public interest. Again the Commission is silent, but this 
 time we agree with Time Warner; the Commission ap-
 pears to have applied too low a standard. The statute is 
 
__________
 * Section 202(h) provides:

 The Commission shall review its rules adopted pursuant to this 
 section and all of its ownership rules biennially as part of its 
 regulatory reform review under section 11 of the Communica-
 tions Act of 1934 and shall determine whether any of such rules 
 are necessary in the public interest as the result of competition. 
 The Commission shall repeal or modify any regulation it deter-
 mines to be no longer in the public interest.
 
 clear that a regulation should be retained only insofar as 
 it is necessary in, not merely consonant with, the public 
 interest.
 
Fox Television Stations, 280 F.3d at 1050. The intervenors, 
like the Commission, ask the court to reject Time Warner's 
argument that "necessary in the public interest" means more 
than "in the public interest." They do not, however, join in 
the Commission's alternative request that the court merely 
delete the subject paragraph.

 In support of its petition, the Commission notes that the 
court's discussion of the meaning of "necessary in the public 
interest" was not essential to our decision to remand the 
NTSO Rule and to vacate the CBCO Rule. Further, the 
Commission points out that the argument raised by Time 
Warner was not fully briefed by the parties. Finally, the 
Commission argues that the court erred insofar as it con-
strued s 202(h) to impose a standard of true necessity rather 
than mere utility. In this vein the Commission presents 
three arguments, in which the intervenors join, for reading 
"necessary in the public interest" to mean the same thing as 
"in the public interest."

 The Commission first points out that the word "necessary" 
appears in sections 4(i), 201(b), and 303(r) of the Communica-
tions Act -- which sections authorize the Commission to 
promulgate regulations when necessary -- and the Supreme 
Court and this court have interpreted "necessary" in those 
sections to mean useful rather than indispensable. See Nat'l 
Broad. Co. v. United States, 319 U.S. 190, 225 (1943); FCC v. 
Nat'l Citizens Comm. for Broad., 436 U.S. 775, 796 (1978); 
Mobile Communications Corp. v. FCC, 77 F.3d 1399, 1404, 
1406 (D.C. Cir. 1996). Second, the Commission argues that 
construing "necessary" in s 202(h) to mean more than "use-
ful" is anomalous because it holds the Commission to a 
"higher standard in deciding whether to retain an existing 
rule in a biennial review proceeding than in deciding whether 
to adopt a rule in the first place." Finally, the Commission 
contends that the text of s 202(h) itself equates "necessary in 
the public interest" with "in the public interest."

 The petitioners, in opposition to rehearing, contend that the 
court correctly interpreted "necessary in the public interest" 
to mean more than "in the public interest." They argue that 
doing so gives "necessary" the same meaning it has in other 
provisions of the 1996 Act, see, e.g., GTE Service Corp. v. 
FCC, 205 F.3d 416 (D.C. Cir. 2000) (interpreting "necessary" 
in s 251(c)(6) -- "collocation of equipment necessary for 
interconnection" -- to mean "indispensable"), whereas the 
Commission improperly relies upon provisions that were part 
of the original Communications Act of 1934, the purpose of 
which was to institute regulation rather than deregulation. 
The petitioners also argue that interpreting "necessary" to 
mean merely "useful" would render s 202(h) "a virtual nulli-
ty" and that it makes sense to apply a lower standard to the 
Commission's necessarily predictive decision to promulgate a 
rule than to its decision to retain the rule in the light of 
experience. Finally, the petitioners argue that "because the 
arguments [the Commission] now make[s] were never raised 
before, the court must decline to reopen the matter." The 
petitioners make no retort, however, to the Commission's 
assertion that interpreting "necessary in the public interest" 
to mean something more than "in the public interest" was not 
essential to the court's decision.

 We agree with the Commission that the subject paragraph 
is itself not necessary to the opinion and should be modified. 
The court's decision did not turn at all upon interpreting 
"necessary in the public interest" to mean more than "in the 
public interest": It was clear the Commission failed to justify 
the NTSO and the CBCO Rules under either standard. 
Moreover, as the Commission points out, the question was not 
fully briefed by the parties. Among the petitioners, only 
Time Warner raised the argument, and then in only one 
sentence; the Commission and intervenors failed to address 
Time Warner's one sentence; and the petitioners in reply did 
not make anything of the Commission's and the intervenors' 
omission. In these circumstances we think it better to leave 
unresolved precisely what s 202(h) means when it instructs 
the Commission first to determine whether a rule is "neces-
sary in the public interest" but then to "repeal or modify" the 

rule if it is simply "no longer in the public interest." Thus, 
we decline the Commission's and the intervenors' request that 
we interpret "necessary" in their favor at this time, and we 
accept the Commission's alternative invitation to modify the 
opinion in order to leave this question open.

 As for the petitioners' observation that this court ordinarily 
deems an argument raised for the first time in a petition for 
rehearing to have been waived, see, e.g., Keating v. FERC, 
927 F.2d 616, 625 (1991), our practice is in fact more practical 
than rigid. Thus, in Benavides v. DEA, 976 F.2d 751 (D.C. 
Cir. 1992), where the Government had failed to advance an 
argument against the statutory interpretation adopted by the 
court until it filed a petition for rehearing, we granted 
rehearing and held that we need not decide between the 
competing statutory interpretations. Id. at 753. There, as 
here, the choice between two interpretations was unnecessary 
to the outcome of the case at hand but might have had ill-
considered implications for future cases. Id.

 II. The NTSO Rule and the CBCO Remedy

 The intervenors argue that the court erred in failing to 
defer to the decision of the Congress to set the initial 
nationwide ownership cap at 35%. The panel already consid-
ered and rejected this argument: "Section 202(h) itself re-
quires the Commission to determine whether its ownership 
rules -- specifically including 'rules adopted pursuant to this 
section,' such as the present NTSO Rule -- are necessary in 
the public interest." Fox Television Stations, 280 F.3d at 
1043 (emphasis added). Nothing in s 202(h) or in 
s 202(C)(1)(B) -- in which the Congress instructed the Com-
mission immediately to "increase[ ] the national audience 
reach limitation for television stations to 35 percent"--indi-
cates that the Congress wanted the Commission later to 
review the NTSO Rule under a more deferential standard 
than any other broadcast ownership rule subject to biennial 
reconsideration. Had the Congress wished to insulate the 
NTSO Rule from review under s 202(h), it need only have 
enshrined the 35% cap in the statute itself.

 Finally, the intervenors contend that the "the panel's deci-
sion to vacate, rather than remand, the CBCO Rule is at odds 
with this Court's precedent." The intervenors do not ques-
tion the court's decision to apply the Allied-Signal test. 
Rather, they argue that the court misapplied the test because 
"there is no basis for the Court to conclude that the Commis-
sion cannot possibly address [the petitioners'] objections [to 
the CBCO Rule] on remand." The intervenors note that 
under the Commission's view of s 202(h) it did not have to 
defend the CBCO Rule in the 1998 Report, but the interve-
nors fail to advance any interpretation of s 202(h), let alone a 
reasonable interpretation, under which the Commission could 
determine that the Rule was "necessary in the public inter-
est" without somehow defending the Rule. The intervenors 
also argue that the Commission counsel failed fully to defend 
the CBCO Rule in their brief to the court because they knew 
the court could not uphold the decision to retain the Rule on 
the basis of counsel's post hoc rationalization. That the court 
could not have upheld the 1998 Report on a ground not 
contained therein, however, does not mean counsel was pre-
cluded from defending the Rule against vacatur. A defense 
of the Rule, if it was defensible, clearly would have been 
cognizable with respect to the choice between vacatur and 
remand. Consequently, as before, see Fox Television Sta-
tions, 280 F.3d at 1052-53, we infer that the Commission's 
failure to defend the CBCO Rule indicates its inability to do 
so. The Commission's failure to join the intervenors in their 
present challenge to our vacatur of the CBCO Rule only 
reinforces this belief.

 Consequently, we grant in part the Commission's petition 
for rehearing, deny the intervenors' petition, and amend the 
first full paragraph on page 1050 of the opinion to read:

 Next, Time Warner argues that the Commission ap-
 plied too lenient a standard when it concluded only that 
 the CBCO Rule "continues to serve the public interest," 
 1998 Report p 102, and not that it was "necessary" in the 
 public interest. Again the Commission is silent, but 
 nonetheless we do not reach the merits of Time Warner's 
 argument. This important question was barely raised by 
 
 the petitioners and was not addressed at all by the 
 Commission or the intervenors. Even if "necessary in 
 the public interest" means simply "continues to serve the 
 public interest," for the reasons given above and below, 
 the Commission's decision not to repeal or to modify the 
 NTSO and the CBCO Rules cannot stand.
 
In the margin we also make two minor modifications to 
conform the opinion to the change above.*

 So ordered.

__________
 * Page 1042/2, line 42: Change "that is not 'necessary in the 
public interest.' " to "that is 'no longer in the public interest.' " 
Page 1048/1, lines 14-15: Change "is" to "remains" and delete 
"necessary".