Donny PICAZO, Petitioner–Appellant,

v.

Edward J. ALAMEIDA, Director, Respondent–Appellee.

No. 03–55497.

United States Court of Appeals, Ninth Circuit.

May 5, 2004.

Leonard Chaitin, Esq., Pasadena, CA, for Petitioner–Appellant.

Stephanie A. Miyoshi, DAG, Los Angeles, CA, for Respondent–Appellee.

Before: BROWNING, REINHARDT, and WARDLAW, Circuit Judges.

### ORDER

In its petition for rehearing, the State of California argues for the first time that *Mitchell v. Esparza,* —— U.S. ——, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003), requires the application of a new standard of review in habeas cases involving state court findings of harmless error. In our memorandum disposition in this case, we applied the standard of review initially established for such cases by *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), and later made applicable to AEDPA cases, *see* 28 U.S.C. § 2254, in *Bains v. Cambra,* 204 F.3d 964, 977 (9th Cir.2000). Given that *Esparza* did not even mention *Brecht,* or its progeny, *see O'Neal v. McAninch,* 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995), we do not believe that the Court intended to overrule those earlier decisions. But we need not rest our decision on that ground alone, because at

---

www.uscourts.gov/bkforms/official/b6b-inst. pdf.

no point in this litigation until the petition for rehearing did the state argue that we should apply *Esparza,* or even consider it. The *Esparza* opinion was issued months before oral argument in this case, yet the state did not cite *Esparza* in any written submission to this court. When asked at oral argument to identify the applicable standard of review, the state insisted that *Brecht* controlled and again failed to mention *Esparza.* Under the law of this circuit, we deem the state's most recent argument waived. *See Talk of the Town v. Department of Finance and Business Services,* 353 F.3d 650 (9th Cir.2003) (refusing to consider an issue raised for the first time in a petition for rehearing); *see also Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (holding that arguments that are not raised in the briefs are waived).

The petition for rehearing is DENIED.