Harold TIDWELL, Petitioner—
Appellant,

v.

A. CALDERON, Warden, Respondent—
Appellee.

No. 03–57167.

D.C. No. CV–02–06308–TJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided June 8, 2005.

**5.** Because we remand on the *Booker* issue, we do not now decide any of the other sentencing errors alleged by the defendants.

Harold Tidwell, California Correctional Institution, Tehachapi, CA, for Petitioner–Appellant.

Jerry D. Whatley, Santa Barbara, CA, Keith H. Borjon, DAG, Scott A. Taryle, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before THOMAS, BERZON, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM**

Petitioner Harold Tidwell appeals the district court order denying his habeas petition. We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo, *Taylor v. Maddox*, 366 F.3d 992, 997 (9th Cir.), *cert. denied*, —— U.S. ——, 125 S.Ct. 809, 160 L.Ed.2d 605 (2004), and we reverse. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

---

\* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Robinson's testimony is also inadmissable under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), where the court found that when "testimonial evidence is at issue ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Id.* at 68, 124 S.Ct. 1354. Testimonial evidence includes police interrogations. *Id.* at 68, 124 S.Ct. 1354. We

## I

The state court erred in admitting a tape-recorded statement from an available witness, who later recanted her story. Under the Supreme Court standard operative at the time of the California Court of Appeal's decision, the testimony of an unavailable witness "is admissible only if it bears adequate 'indicia of reliability.'" *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Admission of testimonial statements that "fall[ ] within a firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness" meets the *Roberts* test.[1] *Id.* In *Lilly v. Virginia*, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), also issued before the state appellate decision, the Supreme Court clarified that "accomplices' confessions that inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule as that concept has been defined in our Confrontation Clause jurisprudence." *Id.* at 134, 119 S.Ct. 1887 (plurality opinion) (Stevens, J.).[2]

█ In this case, not only did the testimony fail to meet the *Lilly* standard, but the witness was available for testimony in

recently held that "[b]ecause the *Crawford* rule is both a 'watershed rule' and one 'without which the likelihood of an accurate conviction is *seriously* diminished,' the rule is retroactive." *Bockting v. Bayer*, 399 F.3d 1010, 1012–13 (9th Cir.2005) (citing *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2523, 159 L.Ed.2d 442 (2004)). However, the mandate has not yet issued in *Bockting* and a petition for rehearing is pending.

2. Although this statement appeared in Justice Stevens's opinion for a plurality of the Court, Justice Scalia's concurrence in the judgment makes clear that he joined the plurality in believing that the use of the type of statement at issue here was "a paradigmatic Confrontation Clause violation." *Lilly*, 527 U.S. at 143, 119 S.Ct. 1887 (Scalia, J., concurring).

court because she was in state custody at the time of trial. The Court of Appeal identified *Roberts* as the correct test, but overlooked *Lilly*, the binding Supreme Court precedent that precisely answered the Confrontation Clause question before it. The Court of Appeal's decision that there was "no error in admitting ... Sharon R.'s statement, as it was clearly against her penal interest," was therefore contrary to clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1).

## II

■ In order to prevail on his habeas petition, Tidwell must also demonstrate actual prejudice in addition to a constitutional violation.[3] *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). A constitutional error is considered harmless "unless the violation had a 'substantial and injurious effect or influence on the jury's verdict." ' *Jackson v. Giurbino,* 364 F.3d 1002, 1010 (9th Cir. 2004) (citing *Calderon v. Coleman,* 525 U.S. 141, 147, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998)). In this case, the prejudice caused by admission of Sharon Robinson's testimony is clear. Her ability to corroborate the testimony of Dominique Alex and Officer Garza greatly strengthened the prosecution's case to such an extent as to create a substantial and injurious effect on the jury's verdict, even for those counts that solely dealt with Alex and not Robin-son. The prosecution relied on Robinson's statement heavily to bolster Alex's weak credibility and emphasized to the jury that the two women's stories were stronger together than alone.

Given the likelihood that Tidwell was denied a fair trial as a result, we reverse the district court's dismissal of Tidwell's habeas petition and remand with instructions to the district court to grant the habeas petition and remand the case for a new state court trial.

## REVERSED.

---

3. In *Mitchell v. Esparza,* 540 U.S. 12, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003) (per curiam), the Supreme Court held that an Ohio state court's harmless error determination was not objectively unreasonable, and that the petitioner was not, therefore, entitled to habeas relief. *Id.* at 17–19, 124 S.Ct. 7. We have not since *Mitchell* clarified the relationship between 28 U.S.C. § 2254 and *Brecht* review of harmless error issues on habeas. *See, e.g., Medina v. Hornung,* 386 F.3d 872, 878–79 (9th Cir.2004) (holding that state court's "harmless error analysis was neither contrary to, nor an unreasonable application of clear established federal law" without reaching *Brecht*); *Picazo v. Alameida,* 366 F.3d 971, 971 (9th Cir.2004) (order) (denying petition for rehearing and upholding panel's earlier decision that petitioner had suffered *Brecht* prejudice and granting petition, without considering whether the state court's harmless error decision was objectively unreasonable). As the result in this case would be the same under either analysis, we do not pursue this enigma further.