**Abdulmunaem Abdullah AL–GHOR-BANI and Salah Abdullah Al-ghurbani, Petitioners,**

**v.**

**Eric H. HOLDER, JR., Attorney General, Respondent.**

No. 08–3376.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2010.

Before GILMAN and GRIFFIN, Circuit Judges; and STEEH, District Judge.*

## ORDER

The government has petitioned the panel for a rehearing of this case on two issues; (1) whether the panel improperly rendered a decision on whether the Al-Ghorbani brothers belonged to a "particular social group" where the issue had been considered but not been expressly decided by the BIA, and (2) whether the panel overlooked the continued safety of the brothers' mother in Yemen despite her "active opposition" to the upholding of traditional Yemeni social norms. For the reasons stated below, the petition is denied.

Regarding the first issue, our long-established rule is that this court will not consider arguments raised for the first time in a petition for rehearing. *E.g.*, *Costo v. United States*, 922 F.2d 302, 302–03 (6th Cir.1990). The Al–Ghorbani brothers substantively argued in their petition for review that the Board of Immigration Appeals (BIA) erred in foiling to find that the brothers were members of a particular social group. But the government did not request a remand as to the brothers' social-group argument It instead analyzed this point as part of its contention that there was no nexus shown between the alleged persecution and a protected statutory ground (specifically, membership in a particular social group). The government thus sought our resolution of the Al–Ghorbanis' argument that they were entitled to the withholding of removal—an argument that was based entirely on the brothers' claim that they were members of a particular social group.

Nevertheless, in its petition for rehearing, the government argues that the panel should have remanded the case to the BIA for consideration of the brothers' social-group argument, invoking the "remand rule" discussed by the U.S. Supreme Court in *Gonzales v. Thomas*, 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006), and *INS v. Orlando Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). These two cases are distinguishable from the present case, however, for two reasons. First, in both cases the government had identified in its responsive brief before the circuit court the issue not determined by the BIA, and it expressly requested remand on the issue if such a determination was necessary to the court's ultimate decision. See Brief of Respondent at 14, 28, *Thomas v. Ashcroft*, 359 F.3d 1169 (9th Cir.2004) (No. 02–71656); Brief of Respondent at 23, *Orlando Ventura v. INS*, 264 F.3d 1150 (9th Cir.2001) (No. 99–71004). Second, the unresolved issues presented in both *Thomas* (whether the petitioners were members of a particular social group where the BIA considered only the petitioners' race-related arguments) and *Orlando Ventura* (whether country conditions had changed, an issue that the BIA did not reach because it found no past persecution) were clearly independent of the issues determined by the BIA. The social-group issue presented in the present case, by contrast, is an essential part of the BIA's decision that the brothers had not demonstrated that they were harmed "*because* of their membership in the Al–Ghorbani family." (BIA Op. at 2 (emphasis in original).)

Both of the parties presented as a contested issue on review whether the brothers had proven that it was more likely than

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

548

not that they would be subject to persecution on account of their membership in a particular social group, and thus impliedly represented to the panel that the issue was satisfactorily considered on the merits by the BIA and appropriate for this court's review. The government does not contend that the "remand rule" is jurisdictional. Nor has it cited any case holding that this court lacks jurisdiction to consider an issue fairly presented to the BIA and considered by the BIA, but on which the BIA did not render an express decision. The panel therefore concludes that the government has waived the remand-rule argument *Cf. Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir.2007) (en banc) (explaining that the procedural-default rule applicable to claims presented in 28 U.S.C. § 2254 habeas petitions is subject to waiver if the state fails to raise it on appeal); *Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n. 18 (6th Cir.1999) ("We do not address defendants' belated argument that they are entitled to qualified immunity. It was not presented to this court in the initial briefs on appeal and is therefore waived").

Regarding the second issue raised in the petition for rehearing, the government contends that the continued safety of the brothers' mother in Yemen, despite her purported "active opposition" to the upholding of traditional Yemeni social norms, demonstrates that the Al–Ghorbani brothers will not likely be persecuted if they are returned to Yemen. But the mother did not "oppose" Yemeni social norms. To the contrary, she condemned Abdulmunaem's marriage to Najla and refused to allow the couple to stay in her home. The panel therefore finds no merit to this argument.

Accordingly, the petition is denied.