TINDER, Circuit Judge,
concurring.
I concur in the result reached in the majority opinion, that is, affirming the judgment of the district court. I also join in the majority opinion except for the discussion of whether the Monell standards should apply to private corporations like Wexford, at pp. 788-96 of the majority opinion. I may not ultimately disagree with the thorough and thoughtful points made in that discussion. However, I would prefer to undertake that analysis in a case in which the issue is raised and briefed by the parties. With regard to the majority opinion’s invitation to have a petition for rehearing filed on the question, I am doubtful that this is a proper case in which to do so.
My understanding of the record below is that this issue was certainly forfeited, if not waived, by Plaintiff-Appellant Earnest Shields. In his amended complaints before the district court, Shields alleged the existence of “policies, regulations, or decisions officially adopted” by Wexford. The Defendants repeatedly challenged the existence of such policies or procedures in the district court, including in their motion to dismiss and their summary judgment briefing. Instead of arguing that the Mo-nell paradigm did not apply for the reasons articulated in the majority opinion, Shields stood on the argument that Wex-ford had policies and practices that directly led to Shields’ suffering a deprivation of *800 his constitutional rights; he stuck to that theory throughout the summary judgment briefing and even in post-opinion briefing. He never breathed a word about Monell’s relationship to corporate liability. I would suggest that the majority opinion’s arguments in this regard were waived by Shields’ failure to argue them before the district court. Frey Corp. v. City of Peoria, III, 735 F.3d 505, 509 (7th Cir.2013) (“When a party fails to develop an argument in the district court, the argument is waived and we cannot consider it on appeal”). And so, too, in his briefing before our court Shields renewed his Monell arguments against Wexford, arguing about the existence of policies or procedures that led to his constitutional deprivation. He did not assert that the Monell paradigm should change in the context of a corporate contractor providing governmental services.
In other words, if Shields accepts the majority opinion’s invitation to brief this issue in a petition for rehearing, he would then be raising it for the very first time. Some cases in our circuit state that a party is barred from raising an issue for the first time in a petition for rehearing. See, e.g., Hebron v. Touhy, 18 F.3d 421, 424 (7th Cir.1994) (an argument raised for the first time in a petition for rehearing “comes too late and has been waived”). It is true that other cases suggest that an argument raised for the first time in a petition for rehearing may be considered forfeited, and only on a plain error basis. See, e.g., United States v. Rosas, 410 F.3d 332, 337 n. 1 (7th Cir.2005) (“raising a claim [for the first time] in a petition for rehearing is the functional equivalent of’ raising the claim while an appeal is pending, and the claim is “considered forfeited and the review is exclusively for plain error”) (citing United States v. Macedo, 406 F.3d 778, 789 (7th Cir.2005)); Indiana Gas Co., Inc. v. Home Ins. Co., 141 F.3d 314, 321 (7th Cir.1998) (“An argument made for the first time in a petition for rehearing has been forfeited.... ”). What plain error review would entail in this context is unclear.[1] But there exists no law in our circuit that would allow us to review, de novo and on the merits, brand new arguments raised in a petition for rehearing.
Our sister circuits that have spoken on this question agree with our determination on this matter: in general, new issues raised in petitions for rehearing are not eligible for review. Numerous circuits hold that an issue raised for the first time in a petition for rehearing has been waived and cannot be reviewed.[2] Some hold that *801 this practice constitutes forfeiture rather than waiver.[3] At least two circuits opt for a flexible waiver principle, where the court occasionally chooses to consider arguments raised for the first time in a petition for rehearing, in extraordinary cases.[4] But no case — in our circuit or elsewhere — allows for a party to freely raise a new theory of its case in a petition for rehearing, one that it has repeatedly declined to raise in the district court or in its briefs before us.
I agree that the matter of whether private corporate liability under § 1983 should be evaluated in the same manner as municipal liability is an important question. And the majority opinion certainly also issues an invitation to resurrect that question in subsequent cases. The district courts of this circuit will likely soon be faced with it, and our court will no doubt have it shortly thereafter.
I should point out one final reason why I think this case in particular is poorly suited for rehearing on a new question. Shields is currently no longer represented by counsel. He was represented in the district court and on the brief he filed in this court, and I believe that he waived (or at least forfeited) any contention that re-spondeat superior ought to apply to Wex-ford through his counsel’s argument in those proceedings. His counsel was permitted to withdraw shortly before this appeal was submitted to us on the briefs in lieu of holding oral argument. Even if Shields obtains counsel to pursue a petition for rehearing in a fairly short period of time, the litigation choices made by Shields’ prior counsel will pose difficult hurdles to overcome in a rehearing effort.

. In my view, such review ought to be exceedingly rare because it could encourage litigants to ignore issues in the district court and before panels of this court, only to spring them for the first time in a petition for re hearing. That is inefficient and could turn the steady stream of rehearing petitions that we now experience into a flood.

. See, e.g., United States v. Bongiomo, 110 F.3d 132, 133 (1st Cir.1997) ("[A] party may not raise new and additional matters for the first time in a petition for rehearing.”); United States v. Cross, 308 F.3d 308, 314 (3d Cir.2002) (an issue raised for the first time in a petition for rehearing en banc cannot be considered because it was not raised on direct appeal); Hightower v. Texas Hosp. Ass’n, 73 F.3d 43, 44 (5th Cir.1996) ("In their petition for rehearing, appellees have raised a number of arguments that they did not make to this court in their original appellate briefs.... These arguments have been raised too late in the appellate process to be useful to this court, and they are deemed waived and have played no role in our decision.”); Costo v. United States, 922 F.2d 302, 302-03 (6th Cir. 1990) ("Generally, an argument not raised in an appellate brief or at oral argument may not be raised for the first time in a petition for rehearing.”); Johnson v. Woodcock, 444 F.3d 953, 954 n. 2 (8th Cir.2006) (an issue that was not raised "in the district court or in the briefs or during oral argument before this court” but raised "belatedly by way of a peti *801 tion for rehearing” was waived); Picazo v. Alameida, 366 F.3d 971, 971-72 (9th Cir. 2004) ("[A]t no point in this litigation until the petition for rehearing did the state argue that we should apply [Mitchell v.] Esparza [540 U.S. 12, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003)], or even consider it.... Under the law of this circuit, we deem the state's most recent argument waived.”); United States v. Martinez, 96 F.3d 473, 475 (11th Cir.1996) ("We do not consider issues or arguments raised for the first time on petition for rehearing.”); Haas v. Peake, 544 F.3d 1306, 1308 (Fed.Cir.2008) (an argument that was not argued in a brief on appeal, but raised for the first time in the petition for rehearing, was waived).

. See, e.g., United States v. Andrus, 499 F.3d 1162, 1163 (10th Cir.2007) (appellant’s argument, "made for the first time in his petition for rehearing and ... not initially presented to the panel,” was forfeited).

. See Fox Television Stations, Inc. v. F.C.C., 293 F.3d 537, 540 (D.C.Cir.2002) (court "ordinarily deems an argument raised for the first time in a petition for rehearing to have been waived” but the practice is "more practical than rigid"); Anderson v. Branen, 27 F.3d 29, 30 (2d Cir. 1994) (a party’s failure to raise an argument before the circuit court or district court "obviates any need on our part to address the merits of his petition [for rehearing]” unless "manifest injustice otherwise would result.”) (quotation marks and citation omitted).