**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marcus A. HICKS, Defendant–Appellant.**

**No. 96–4186.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 7, 1997.

Decided Aug. 22, 1997.

W. Charles Grace (Submitted), Office of the U.S. Attorney, Fairview Heights, IL, for Plaintiff–Appellee.

Douglas A. Forsyth, Sr., Anderson & Pruess, Clayton, MO, for Defendant–Appellant.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

POSNER, Chief Judge.

The district judge upped Hicks's sentence for drug trafficking upon finding that three Illinois convictions of Hicks for burglary were crimes of violence within the meaning of the sentencing guidelines. U.S.S.G. §§ 4B1.1–.2. A burglary "of a dwelling" is expressly made a crime of violence by the guidelines, § 4B1.2(1)(ii), and the informations under which Hicks had been charged alleged that he had committed "residential burglary" by entering a "dwelling place" with intent to commit a theft. But they were amended, pursuant to a plea agreement, to strike the word "residential" and substitute "building" for dwelling place, and in consequence Hicks was sentenced under Illinois' general burglary statute rather than under the statute punishing residential burglary. See 720 ILCS 5/19–1, 5/19–3. Yet in sentencing Hicks for the drug offense, the district judge disregarded the amendment of the informations because the federal presentence report indicated that the buildings that Hicks had been convicted of burglarizing were indeed dwellings, as the original informations had alleged.

 Under settled law reaffirmed just months ago by this court sitting en banc, the characterization for sentencing-enhancement purposes of a previous conviction is to be based exclusively on the allegations of the charging document unless the document doesn't contain enough information to enable the offense of which the defendant was convicted to be characterized. *United States v. Shannon*, 110 F.3d 382, 384 (7th Cir.1997) (en banc); cf. *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The informations here, as duly amended, enabled the unequivocal characterization of Hicks's previous convictions as being convictions of general rather than residential burglary, and so the judge was not authorized to peek behind the informations. The only purpose of such a peek in this case

could be to determine not what Hicks had been convicted of—general burglary—but what he could or should have been convicted of, an illegitimate inquiry under the crime of violence guideline. See U.S.S.G. § 4B1.2, Application Note 2; *United States v. Talbott,* 78 F.3d 1183, 1189–90 (7th Cir.1996) (per curiam).

The Department of Justice misled the judge about the state of the law; even in this court, in its brief filed almost two months after our decision in *Shannon,* it cites only the long-vacated panel opinion. The Department incorrectly thought this case controlled by *United States v. Sebero,* 45 F.3d 1075 (7th Cir.1995), where the defendant had been convicted in Wisconsin not Illinois of burglary of a "building or dwelling," so that it was necessary to go behind the charging document to determine which it was. Here the amended charging document shows that the defendant was convicted of the burglary of a building, not a dwelling, the latter sort of burglary being punished by a different statute in Illinois.

We need not decide, as the point is not raised, whether the burglary of a building that is not a dwelling might still be classified as a crime of violence per se under the catchall provision of the guideline ("otherwise involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(1)(ii)), an issue that has divided the circuits that have addressed it. Compare *United States v. Harrison,* 58 F.3d 115, 119 (4th Cir.1995); *United States v. Spell,* 44 F.3d 936, 938–39 (11th Cir.1995) (per curiam); *United States v. Jackson,* 22 F.3d 583, 585 (5th Cir.1994), and *United States v. Smith,* 10 F.3d 724, 733 (10th Cir. 1993) (per curiam), all holding "no," with *United States v. Fiore,* 983 F.2d 1, 4–5 (1st Cir.1992), and *United States v. Hascall,* 76 F.3d 902, 904–06 (8th Cir.1996), both holding "yes." This circuit has not had occasion to decide the issue.

The judgment is vacated, and the case remanded to the district court for resentencing of the defendant.

VACATED AND REMANDED.