THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD FINN, Defendant-Appellant.

First District (3rd Division)    No. 1—99—3882

Opinion filed September 27, 2000.

Timothy J. Joyce, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Linda Woloshin, and Risa Renee Scott, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WOLFSON delivered the opinion of the court:

The State's witness in this bench trial told a grisly story of being

sexually assaulted by the defendant, Edward Finn. Finn denied the charges, contending that whatever happened between them was consensual.

The defendant went to trial charged with armed robbery, aggravated criminal sexual assault, two counts of attempted aggravated criminal sexual assault, and aggravated unlawful restraint.

The aggravated criminal sexual assault charge fell at the close of the State's case. After closing arguments, the trial judge found Finn not guilty of all the remaining charges in the indictment. The judge then found Finn guilty of two uncharged offenses of criminal sexual abuse, misdemeanors. He did so under the impression that criminal sexual abuse is a lesser included offense of attempted aggravated criminal sexual assault. We reverse.

FACTS

The issues in this case do not require a detailed account of the evidence.

On December 19, 1997, the complainant, a lingerie model at a Chicago Heights bar called the Squeeze Inn, agreed to join Finn for a driving tour of holiday decorations in Westchester. Finn eventually parked on a residential street. They got out of his car. At this point, the complainant's account of events differs from Finn's account.

She testified Finn threatened her with a steak knife, led her to a nearby wooded area, took money from the blazer she wore, pulled down her pants and pantyhose, tied her to a tree with her belt, fondled her vagina, and unsuccessfully "tried to enter" her vagina and her anus with his unerect penis. According to the complainant, Finn then pushed her to her knees, ordered her to perform oral sex, and ejaculated on her blazer.

Finn testified he accompanied the complainant to a nearby wooded area "to make love." When she said she had no condom, Finn refused to have sex with her. She began to perform oral sex on Finn. Finn announced he was ready to ejaculate, and she removed his penis from her mouth.

DECISION

The defendant contends and the State forthrightly concedes criminal sexual abuse is not a lesser included offense of attempted aggravated criminal sexual assault. The concession is driven by our supreme court's decision in *People v. Novak*, 163 Ill. 2d 93, 643 N.E.2d 762 (1994).

■ In *Novak*, the court recognized "[n]o person can be convicted of an offense that he or she has not been charged with committing." *No-*

*vak*, 163 Ill. 2d at 105. At the same time, "a defendant may be convicted of an offense not expressly included in the charging instrument if that offense is a lesser included offense of the crime expressly charged." *Novak*, 163 Ill. 2d at 105.

■ The court adopted the "charging instrument" method for determining whether an offense is lesser included. That is, we look to the facts alleged in the charging instrument. Then we determine whether the lesser included offense is described by that charging instrument. If it is not, that's the end of the inquiry—no lesser included offense. In *Novak*, the court, using that approach, held aggravated criminal sexual abuse was not a lesser included offense of aggravated criminal sexual assault, the charged offense. *Novak*, 163 Ill. 2d at 113-14.

In the case before us, the attempted aggravated criminal sexual assault counts did not describe the touching, fondling, or transfer of semen that fit the definition of "sexual conduct" that is essential to a charge of criminal sexual abuse. See 720 ILCS 5/12—12(e), 12—15(a) (West 1998).

In his posttrial motion, Finn relied on *Novak* to persuade the trial judge criminal sexual abuse was not a lesser included offense of anything charged in the indictment. For some reason, the trial judge declined to follow *Novak*. He sentenced Finn to 10 months in jail and revoked his bond.

We agree with and accept the State's concession that the trial judge erred in convicting Finn of criminal sexual abuse. But the State does not let go. The State asks us to use Supreme Court Rule 615(b)(3) (134 Ill. 2d R. 615(b)(3)) to find the defendant guilty of yet another offense—attempted criminal sexual abuse.

The State contends its proposed reduced charge really is a lesser included offense of attempted aggravated criminal sexual assault. Because we do not believe there is anything left to reduce from, we decline the State's request.

■ Rule 615(b)(3) provides:

"(b) Powers of the Reviewing Court. On appeal the reviewing court may:

\* \* \*

(3) reduce the degree of the offense *of which appellant was convicted*." (Emphasis added.) 134 Ill. 2d R. 615(b)(3).

The operative words are "of which appellant was convicted." This appellant was not convicted of attempted aggravated criminal sexual assault, the charged offense relied on by the State to support its request for reduction. The trial judge expressly found the defendant not guilty of that charge. Of course, if the trial judge had found the

defendant guilty of an appropriate lesser included offense, it still would have been an acquittal of the greater charge. See 720 ILCS 5/3—4(a) (West 1998); *People v. McCutcheon*, 68 Ill. 2d 101, 106, 368 N.E.2d 886 (1977).

True, we have the authority to reduce charges when a lesser included offense is available, an evidentiary weakness exists, and the trial judge expresses dissatisfaction with imposing the mandatory sentence. *People v. Hooker*, 249 Ill. App. 3d 394, 403, 618 N.E.2d 1074 (1993); *People v. Williams*, 222 Ill. App. 3d 129, 138-39, 582 N.E.2d 1158 (1991).

■ Even where the required elements are available, our power must be "exercised with caution and circumspection." *People v. Jackson*, 181 Ill. App. 3d 1048, 1051, 537 N.E.2d 1054 (1989); see also *People v. Jones*, 286 Ill. App. 3d 777, 676 N.E.2d 1335 (1997). For example, in *People v. Mata*, 243 Ill. App. 3d 365, 611 N.E.2d 1235 (1993), the court reversed a residential burglary conviction for a failure of proof, then rejected the State's request that it find the defendant guilty of the uncharged lesser included offense of burglary. *Mata*, 243 Ill. App. 3d at 374. The court said:

> "The problems and potential for abuse are obvious. Agreement with the contention of the State can allow the State to charge and argue only a greater offense, *and upon failure of proof*, obtain conviction in the appellate court of the lesser offense. No reduction is appropriate in this case." (Emphasis added.) *Mata*, 243 Ill. App. 3d at 374.

There is no need for us to determine whether attempted criminal sexual abuse is a lesser included offense of attempted aggravated criminal sexual assault. We know of no rule or decision that authorizes us to reduce the degree of the offense a defendant has been acquitted of, even if we were so inclined. The defendant's convictions of criminal sexual abuse are reversed.

CONCLUSION

For the reasons stated, we reverse the defendant's convictions of criminal sexual abuse. There is nothing to remand.

Reversed.

HALL, P.J., and CERDA, J., concur.