**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond D. DUCKWORTH,**
**Defendant–Appellant.**

No. 02–3473.

United States Court of Appeals,
Seventh Circuit.

Argued March 4, 2003.

Decided April 7, 2003.

Before BAUER, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

After Raymond Duckworth pleaded guilty to a federal drug charge, the district court sentenced him as a career offender under U.S.S.G. § 4B1.1 based in part on the court's conclusion that Duckworth's prior Illinois conviction for burglary was a "crime of violence," as defined in U.S.S.G. § 4B1.2. Duckworth argues on appeal that the district judge should not have inquired into the facts underlying his burglary conviction and instead should have characterized the offense as nonviolent based on the charging document, which the state had orally amended to reduce the charged offense from residential burglary to the lesser-included offense of general burglary. We affirm because the effect of the oral amendment is unclear and, therefore, it was permissible for the district judge to inquire beyond the charging document into the factual basis of Duckworth's prior conviction.

Duckworth pleaded guilty in 2002 to distributing five grams or more of cocaine base (or "crack"), 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). The district court sentenced him to 196 months' imprisonment and eight years' supervised release based in part on its determination that he qualified as a career offender under U.S.S.G. § 4B1.1. Specifically, the court determined that Duckworth met the three requirements for career offender treatment: he was at least eighteen years old when he committed the federal drug offense, *id.* § 4B1.1(a)(1); it was a controlled substance offense, *id.* § 4B1.1(a)(2); and he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," *id.* § 4B1.1(a)(3). Duckworth challenges the court's conclusion on this third prong, arguing that it should not have construed his prior conviction for burglary as a "crime of violence."

According to the charging document (in this case, an Information) for his burglary conviction, Duckworth was charged in 1998 in Illinois with one count of home invasion, 720 ILCS 5/12–11(a)(2), and one count of residential burglary, 720 ILCS 5/19–3. For the residential burglary charge, the Information alleged:

> COUNT II – RESIDENTIAL BURGLARY, in that the defendants [sic], knowingly and without authority, entered into the dwelling place of Deborah McCorkle, located 3510 Cambridge Court, Apt. 109, Danville, Vermilion

County, Illinois, with the intent to commit therein a theft, in violation of 720 ILCS 5/19–3.

No written alterations appear on the face of the Information, but the judgment of conviction reflects that Duckworth was actually convicted of one count of burglary under 720 ILCS 5/19–1, rather than *residential* burglary. In Illinois, "general" burglary is a lesser-included offense of residential burglary. *People v. Finn,* 316 Ill.App.3d 1139, 250 Ill.Dec. 483, 738 N.E.2d 952, 955 (2000). The transcript of the state plea hearing reveals that, pursuant to a plea agreement, Duckworth pleaded guilty to what the state prosecutor referred to as an "amended charge of burglary," but the prosecutor did not articulate how the Information was to be altered to conform to the new charge. The prosecutor's factual recitation at the state plea hearing reveals that Duckworth entered the victim's apartment without her permission and, before she was able to get away, dragged her by the hair around the apartment as he collected money and jewelry.

At the federal sentencing hearing, Judge McCuskey cited his experience with state court criminal proceedings and voiced surprise that the state had not amended the Information explicitly. Judge McCuskey noted that, although he normally does not look beyond the charging document when characterizing a prior conviction, he would review the factual basis presented at Duckworth's state plea hearing because the Information alone was "unclear" as to the nature of the offense. Based on the factual recitation he concluded that the burglary offense constituted a crime of violence and thus qualified as one of the two prior felony convictions necessary for career offender status. This made a significant difference in Duckworth's sentencing range–had the court not sentenced him as a career offender, the applicable range would have been 120 to 125 months, as opposed to the imposed range of 262 to 327 months (the court departed downward to 196 months').

Duckworth raises on appeal only one argument–that the district court erred in sentencing him as a career offender by construing his prior conviction for general burglary as a "crime of violence." Such a challenge is reviewed *de novo*. *United States v. Bryant,* 310 F.3d 550, 552 (7th Cir.2002). Section 4B1.2(a) of the sentencing guidelines defines "crime of violence" (for purposes of the career offender provision, § 4B1.1) as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Residential burglary qualifies as a crime of violence as defined in § 4B1.2 because "burglary of a dwelling" is enumerated in subsection (a)(2). *United States v. Coleman,* 38 F.3d 856, 859 (7th Cir.1994). But what about the lesser-included offense of "general" burglary, for which Duckworth was actually convicted? We have twice before considered whether an Illinois conviction constitutes a crime of violence as defined in § 4B1.2 when the defendant pleaded guilty to general burglary as a lesser-included offense. *See United States v. Hoults,* 240 F.3d 647 (7th Cir.2001); *United States v. Hicks,* 122 F.3d 12 (7th Cir.1997). *Hoults* established that because general burglary in Illinois does not have force as an element it does not fall

under subsection (a)(1). 240 F.3d at 650. Therefore, general burglary constitutes a crime of violence only if, under subsection (a)(2), the offense involved a dwelling or presented "a serious potential risk of physical injury to another." *Id. Hoults* further held that, because general burglary is not a crime of violence *per se*, sentencing courts must analyze burglary offenses on a case-by-case basis, using information properly before them. *Id.* at 652 (but noting circuit split).

Both *Hoults,* 240 F.3d at 651, and *Hicks,* 122 F.3d at 12–13, ultimately concluded that the burglary offenses at issue in those cases did not constitute crimes of violence because written amendments on the faces of the charging documents left nothing indicating that the offenses had been burglaries of dwellings or presented serious potential risks of physical injury. *Hoults,* in particular, concluded that handwritten deletions and additions on the Information were adequate to change the content of it. 240 F.3d at 649. The difference in Duckworth's case is that it is unclear what alterations, if any, were made to the Information when he pleaded guilty to general burglary as a lesser-included offense. Given this situation, the central question in this case is whether the district judge properly reviewed the factual basis from Duckworth's state case in characterizing the nature of his burglary offense.

It is firmly established in this circuit that in determining whether a prior conviction constitutes a crime of violence as defined in § 4B1.2 the district court "must confine its inquiry to the face of the charging document and the statutory definition of the offense." *United States v. Cole,* 298 F.3d 659, 661 (7th Cir.2002); *see also United States v. Shannon,* 110 F.3d 382, 384 (7th Cir.1997) (en banc). But this court has carved out an exception–if it is impossible to determine whether the offense of conviction was a crime of violence from these alone, the sentencing court may look at evidence outside the charging document to clarify the ambiguity, so long as doing so does not require a hearing to resolve contested issues of fact. *Cole,* 298 F.3d at 662–63; *Shannon,* 110 F.3d at 384.

Duckworth argues that the prosecutor's comments at the state plea hearing effectively amended the Information to reflect that he was pleading guilty to general burglary as a lesser-included offense. Specifically, he asserts that to conform with the new charge the Information must have been amended to delete references to residential burglary and the victim's "dwelling." Therefore, he argues, his case is just like *Hoults* and *Hicks* –the charging document is not ambiguous and the district court should have characterized his offense as nonviolent based on the charging document without inquiring into the factual basis of the conviction. The government responds that, because the Information was never amended explicitly, the nature of Duckworth's offense could not be discerned from it alone and the district court properly inquired beyond it into the factual basis. Alternatively, the government argues, the content of the unamended Information demonstrates that the offense was a crime of violence. So what effect, if any, did the purported oral amendment have on the Information and how did it impact the permissible scope of the district court's review?

Under Illinois law, the prosecutor's comments at the state plea hearing likely constituted a permissible amendment to the Information. Illinois allows amendments to charging documents to reflect lesser-included offenses. *See People v. Knaff,* 196 Ill.2d 460, 256 Ill.Dec. 881, 752 N.E.2d 1123, 1131 (2001). The statute regulating amendments, 725 ILCS 5/111–5, provides that charging documents "may be amend-

ed by motion" (although the record does not disclose whether a motion to amend was made in this case). The statute that outlines the form of charges, 725 ILCS 5/111–3, provides that a "charge shall be in writing" but does not preclude oral amendments. And Illinois cases refer to oral amendments to charging documents as acceptable. *See, e.g., People v. Psichalinos,* 229 Ill.App.3d 1058, 171 Ill.Dec. 854, 594 N.E.2d 1374, 1376 (1992). But the real sticking point is that it is unclear to what extent the oral amendment altered the *content* of the Information. This is an important consideration because, as noted above, a sentencing court must first look to the face of the charging document in characterizing an offense under § 4B1.2.

We conclude that the Information is ambiguous, for the very reason that the effect of the amendment on the content of the Information is unclear. Surplusage in charging documents is neither uncommon nor usually problematic, *see, e.g., United States v. Gooch,* 120 F.3d 78, 80 (7th Cir. 1997), so it cannot be assumed that the necessary result of the amendment was to wipe away all references to the victim's "dwelling" in the Information. Thus, it was proper for the district court to look beyond the Information into the factual basis of the conviction, which readily supports the conclusion that Duckworth committed a crime of violence. Furthermore, as the government points out, Duckworth should not be able to have it both ways–Duckworth contends that the court should not have looked at the factual basis from the state plea hearing because the charging document was orally amended, but there was no way for the district court to tell that it had been amended without looking at the transcript of the state plea hearing.

The Tenth Circuit faced a strikingly similar question about the impact of an oral amendment on a charging document in *United States v. Bennett,* 108 F.3d 1315 (10th Cir.1997). In *Bennett,* the record did not indicate how the wording of an Information had been amended when a charge was reduced to a lesser degree of burglary, so the district judge, a former county attorney who was "certainly knowledgeable about state criminal law," speculated that the oral amendment had left enough content in the Information to determine that the burglary offense was a crime of violence. *Id.* at 1317–18. The Tenth Circuit, in overturning that decision, held that the district court should not have speculated about the effect of the amendment and simply was faced with an ambiguous charging document. *Id.* at 1318–19. *Bennett* ultimately concluded that the ambiguity meant that the government had failed to meet its burden of proving that the defendant's burglary offense was a crime of violence. *Id.* at 1319. But the rule we follow in this circuit leads to a different outcome–ambiguity means that sentencing courts can inquire into other sources, as the district judge properly did in this case.

In sum, because the charging document is ambiguous, the district court properly inquired beyond it into the factual basis in characterizing Duckworth's burglary offense as a crime of violence as defined in § 4B1.2. Therefore, Duckworth's sentence is

AFFIRMED.