**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark BEW, Defendant–Appellant.**

No. 03–2931.

United States Court of Appeals,
Seventh Circuit.

Submitted May 25, 2004.

Decided May 26, 2004.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

### ORDER

Mark Bew was charged with three counts of possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), after a confidential informant (CI) purchased cocaine from him three times in January and February 2000. On the first occasion, in a tape-recorded conversation, Bew agreed to sell the CI an ounce of crack cocaine for $850; the two men met later that day to complete the transaction. On the second occasion Bew sold the CI a half ounce, and on the third occasion an ounce. Bew pleaded guilty to the three charges, and as part of his plea agreement he waived "all appellate issues" except the validity of his guilty plea and his sentence. The district court sentenced Bew to 188 months' imprisonment, 4 years' supervised release, a $100 assessment, and ordered him to return the $2,128 of "buy money" that the CI had used to complete the purchases.

Bew filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she is unable to find a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Bew was invited to respond to his counsel's motion to withdraw, but he declined. Because counsel's brief is facially adequate, we limit our review of the record to those potential issues identified in it. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that an appeal on the potential issues would be frivolous and therefore grant the motion to withdraw and dismiss the appeal.

After consulting with counsel, Bew informed her that he wishes to withdraw his guilty pleas, so she considers arguing that Bew's pleas were not knowing, intelligent, and voluntary. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Because Bew never moved to withdraw his guilty pleas in the district court, however, we would set them aside only if we found plain error. *See United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Gibson,* 356 F.3d 761, 765–66 (7th Cir.2004). A court's substantial compliance with Rule 11 ensures that a guilty plea is knowing, intelligent, and voluntary. *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002). Counsel asserts that the district court substantially complied with Rule 11, and we agree. During the plea colloquy, the court informed Bew about the nature of the charges, and the rights he would waive by pleading guilty, including the rights to plead not guilty, have a jury trial with assistance of counsel, confront witnesses, present evidence and testify. *See* Fed.

R.Crim.P. 11(b)(1)(B), (C), (D), (E), (G). Bew also told the court that he was not forced or coerced to plead guilty. *See* Fed.R.Crim.P. 11(b)(2). Additionally, the court advised Bew about the maximum and minimum penalties, the effect of supervised release, and the application of the sentencing guidelines. *See* Fed.R.Crim.P. 11(b)(1)(H), (I), (M). Counsel notes that the court did not specifically mention that Bew might be sentenced as a career offender, but this information was contained in Bew's plea agreement, and in any case, Rule 11 does not require a court specifically to identify the applicable guideline·provisions. *See Damerville v. United States,* 197 F.3d 287, 289 (7th Cir.1999) ("an informed guilty plea does not require that the defendant know where the sentence will fall under the guidelines"). We agree with counsel that the court substantially complied with Rule 11, so it would be frivolous to argue that the court plainly erred in accepting Bew's guilty plea. *See Schuh,* 289 F.3d at 975.

■ Counsel next considers a challenge to the court's calculation of Bew's total drug amount, on the theory that the government engaged in "sentencing entrapment" by coercing Bew to participate in two additional drug sales. Counsel correctly notes that this argument would be frivolous for several reasons, the simplest of which is that the two drug deals in question did not affect Bew's ultimate sentence. This is because Bew was sentenced as a career offender, so his sentence was calculated with reference only to one of the current offenses, making the drug amounts in the other two irrelevant. As directed by the career-offender guideline at U.S.S.G. § 4B1.1, the court determined that the statutory maximum for count one was 40 years, *see* 21 U.S.C. § 841(b)(1)(B)(iii). That yielded an offense level of 34, and after a downward adjustment for acceptance of responsibility, 31. *See* U.S.S.G. §§ 4B1.1(b), 3E1.1. With a criminal history score of VI, as mandated by the career offender guideline, Bew had a sentencing range of 188–235 months. Thus, because his sentencing range was calculated without respect to the two additional controlled buys, it would be frivolous to argue that he suffered any harm from the government's decision to arrest him only after the third offense.

■ Counsel also considers whether Bew could argue that the court erred by concluding that he was a career offender. Bew argued at sentencing that his prior offense for "mob action" did not qualify as a "crime of violence," as defined in the career offender guideline. *See* U.S.S.G. § 4B1.2(a). Counsel correctly notes that a district court's inquiry into whether a prior offense qualifies as a crime of violence is generally limited to the statutory definition of an offense and the charging document. *See United States v. Shannon,* 110 F.3d 382, 384–85 (7th Cir.1997). In *United States v. Cole,* 298 F.3d 659, 663 (7th Cir.2002), we held that the Illinois offense of mob action constitutes a crime of violence if the defendant is charged under the theory that he used force to commit the offense. In that case Cole's indictment had said that he "knowingly, by the use of force and violence, disturbed the peace." Similarly, Bew's indictment charged him with having "knowingly used violence to disturb the peace." Relying on the holding in *Cole,* Bew's counsel correctly concludes that it would be frivolous for Bew to argue that his conviction for "mob action" does not qualify as a crime of violence.

■ Finally, counsel considers arguing that the court erred in refusing to grant Bew's motion for a downward departure on the ground that his criminal history category "substantially over-represents the seriousness" of his criminal history.

U.S.S.G. § 4A1.3. Counsel correctly notes that this court would lack jurisdiction to review such a challenge if the district court recognized that it had the authority to depart but ultimately refused to depart. *See United States v. Johnson,* 289 F.3d 1034, 1043 (7th Cir.2002). In this case the district court did not explicitly recognize his discretion to depart downward:

> I am left with the conclusion that, as usual, I think the guidelines are, they are harsh, but I cannot say that Congress didn't intend it to apply to the conduct in this case. I think it is indeed within the heartland of cases that were meant to be covered by this. So I am not going to grant the motion for a downward departure.

Although the district court never explicitly acknowledged its discretion to depart, we have said in the past that unless there is some evidence to the contrary, we will presume the district court understood its authority to depart. *See United States v. Cureton,* 89 F.3d 469, 474-75 (7th Cir. 1996) ("In order for us to review a district court's decision not to depart as a determination that it lacks the legal authority to do so, there must be some indication in the record that the district believed it did not possess the authority to depart from the guidelines range"); *United States v. Atkinson,* 259 F.3d 648, 653 (7th Cir.2001). Without evidence suggesting that the judge was mistaken about his authority, it would be frivolous for Bew to argue that the judge failed to recognize his discretion.

Accordingly, we grant counsel's motion to withdraw and DISMISS the appeal.