NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 28, 2008
Decided April 16, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, Circuit Judge

No. 07-2887

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 05 CR 50004 |
| DAVID A. CANFIELD, | |
| *Defendant-Appellant.* | Philip J. Reinhard, *Judge*. |

**O R D E R**

David Canfield pleaded guilty, pursuant to a plea agreement, to robbing a bank in violation of 18 U.S.C. § 2113(a). At sentencing, the district court found that Canfield committed four prior crimes of violence and accordingly was a career offender under the federal sentencing guidelines. See U.S.S.G. § 4B1.1(a). Canfield appeals his sentence, arguing that the district court erroneously determined that he was a career offender.

Although the sentencing guidelines list several criteria to determine whether a defendant is a career offender, the only one that the parties disputed at sentencing was whether Canfield had at least two prior felony convictions for crimes of violence. See U.S.S.G. § 4B1.1(a). The parties agreed that Canfied's prior conviction for burglary of a dwelling in Florida was a crime of violence, see U.S.S.G. § 4B1.2(a)(2), but disagreed about whether his conviction in Iowa for theft, see Iowa Code Ann. §§ 714.1, 714.2(1), and two other convictions in Iowa for robbery, see id. §§ 711.1, 711.3, were also crimes of violence. The court determined that all of these convictions were for crimes of violence, and thus it concluded that Canfield was a career offender. Applying the career offender guideline, see U.S.S.G. § 4B1.1(b), the court calculated Canfield's base offense level at 32. It then determined he was entitled to a 3-point downward adjustment for acceptance of responsibility, bringing his offense level to 29. With a criminal history score of VI, Canfield's guidelines imprisonment range was 151 to 188 months. The court then addressed the 18 U.S.C. § 3553(a) factors and sentenced Canfield to a term of 168 months, just a tad short of the middle of the guideline range.

We review de novo a district court's determination that a defendant is a career offender. See United States v. Cole, 298 F.3d 659, 661 (7th Cir. 2002). We take a categorical approach in deciding whether a prior conviction was for a crime of violence, so we start by looking at the elements of the statute of conviction and the charging document. See United States v. Newbern, 479 F.3d 506, 508 (7th Cir. 2007). If we cannot conclude, based on the statute and charging document, whether the prior crime is a crime of violence, we then consider information in other documents, such as plea agreements and transcripts of plea colloquies.

On appeal, Canfield continues to press his argument that his theft and robbery offenses are not crimes of violence. An offense is a crime of violence under three circumstances: (1) if it involves "use, attempted use, or threatened use of physical force," U.S.S.G. § 4B1.2(a)(1); (2) if it is enumerated as a crime of violence in § 4B1.2(a)(2); or (3) if it "involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2). The parties agree that Canfield's Iowa convictions did not involve use or threats of force and are not designated specifically as crimes of violence. The only question that remains is whether any of Canfield's three convictions was for a crime that posed a serious risk of injury to another person. See U.S.S.G. § 4B1.2(a)(2).

We turn first to Canfield's conviction for theft.  Canfield was charged in an information with three counts of "tak[ing] possession or control of the property of another with the intent to deprive the owner thereof, that said theft of property was from the person of another, to wit: Beecher's on Asbury . . .  Amoco Food Stop on JFK Road . . . Q-Mart on South Main Street," in violation of Iowa Code Ann. §§ 714.1 and 714.2(1).  Canfield argues that because the charging documents list names of businesses, he was convicted of stealing from those businesses, not from other individuals.  He points out that, under Iowa law, a business can be a "person," and thus, he insists, stealing from a business is consistent with the charge that he took property "from the person of another."  See Iowa Code Ann. § 4.1(20).  And he contends that stealing from a business does not pose a serious risk of injury, and therefore this crime is not a crime of violence.

We reject Canfield's argument because the statute and charging document show that he was convicted of theft from individuals, not businesses.  The charging document says that Canfield was charged with theft in the first degree, which Iowa Code § 714.2(a) defines as  "theft of property exceeding ten thousand dollars in value, or theft of property from the person of another, or from a building which has been destroyed or left unoccupied because of physical disaster, riot, bombing or the proximity of battle." Iowa Code Ann. § 714.2(a).  Specifically, Canfield was charged with taking "possession or control of the property of another . . . from the person of another."  Although a "person" can be a business for some purposes under Iowa law, the phrase "of another" here refers to another individual, not a business.  The Supreme Court of Iowa has said that it is the taking "from the victim's area of control" that triggers the heightened penalty for first degree theft because it creates the potential for a violent confrontation between the thief and the victim.  See State v. Washington, 308 N.W.2d 422, 423 (Iowa 1981).  This concern does not apply if the victim is a business; thus, simple theft from an individual is first-degree theft, but simple theft from a business is not.  The charging document is silent about the aggravating factors that could elevate theft from a business to first-degree theft--theft of more than $10,000 or conduct that amounts to looting.  So we must conclude that Canfield was charged with theft from other individuals and that the list of businesses in the charging document is superfluous.  See Newbern, 479 F.3d at 510.

Theft from an individual carries the risk of physical injury because there is the "potential for physical confrontation with the thief."  Washington, 308 N.W.2d at 423.

And the Eighth Circuit has found that a conviction under these statutes for theft from another person constitutes a conviction for a crime of violence for purposes of § 4B1.2(a) because there is a "likelihood that the victim will resist or defend in a manner that will lead to immediate violence." United States v. Johnson, 326 F.3d 934, 937 (8th Cir. 2003). This reasoning is in line with our holding in United States v. Howze, 343 F.3d 919 (7th Cir. 2003), that a theft from an individual constitutes a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Howze, 343 F.3d at 924. We use the same analysis to determine whether a crime is a "violent felony" under the Armed Career Criminal Act as we use to decide if it is a "crime of violence" for the career criminal guideline. See United States v. McGee, 408 F.3d 966, 988 (7th Cir. 2005). So we agree with the district court that Canfield's conviction for theft is a crime of violence.

Because Canfield's conviction for theft is his second conviction for a crime of violence, the district court correctly concluded that he was subject to the increased guidelines range. See U.S.S.G. § 4B1.1(b). But for the sake of completeness we address Canfield's two convictions for robbery and conclude that they, too, are crimes of violence. One information charged that "with the intent to commit a theft, " Canfield "commit[ed] an assault upon the person of Cindy Loeffeihols, to assist or further the commission of the intended theft or the person's escape from the scene," and the second charged that "while having the intent to commit a theft," Canfield "did commit an assault upon another in the furtherance of his escape from the scene thereof," both in violation of Iowa Code Ann. §§ 711.1 and 711.3. Canfield argues that, because an assault under Iowa law does not require physical contact (or threatened physical conduct) with the victim, his conduct did not pose a serious potential risk of injury. This argument, however, ignores the fact that some offenses that do not involve force nonetheless are considered crimes of violence. It is enough that a crime presents a serious risk of injury; it is not necessary that the crime also involves the use or threatened use of force. U.S.S.G. § 4B1.1(a)(1); see, e.g., Cole, 298 F.3d at 661-62 (mob action statute did not have as element the use or threat of force but offense was a crime of violence because it posed serious risk of injury).

Canfield is correct to point out that the charging document for one of his robberies puts forward two alternative charges--that he committed an assault to further the commission of the theft or to further his escape. But in either case, the conduct charged posed a serious risk of injury. First, a confrontation with another person while taking steps to commit a theft poses a serious risk that injury will result. Whether the

victim is the subject of the theft or merely a bystander, the confrontation has the potential to escalate into violence and cause serious injury.

The information charges, in the alternative, that Canfield assaulted another person to further his escape. And Canfield's second robbery conviction was also for assaulting another person while escaping the scene of a theft. We have held that, when a perpetrator flees to avoid apprehension, he creates a serious risk of harm to bystanders, and thus the flight is a crime of violence. See Howze, 343 F.3d at 922; United States v. Bryant, 310 F.3d 550, 554 (7th Cir. 2002). Canfield attempts to distinguish these cases, noting they dealt with suspects fleeing from the police or escaping from police custody. But the same concerns apply when a perpetrator flees the scene of a crime, even if he has not yet been caught by law enforcement. There is a serious risk that the thief will harm an innocent person in an attempt to make a quick getaway and to evade capture, whether or not the police are already on his tail.

Canfield has been convicted of four crimes of violence, two more than necessary to be classified as a career offender. Thus, the district court did not err in calculating his guidelines range using the career offender enhancement. Accordingly, we AFFIRM the judgment of the district court.